COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Spencer Neal

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **CIVIL RIGHTS** |
| | ) | |
| Vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF:** |
| JAP GURU LLC, | ) | |
| | ) | **1ST CAUSE OF ACTION:** For Denial of |
| Defendant. | ) | Access by a Public Accommodation in |
| | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |

Plaintiff SPENCER NEAL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (hereinafter "NEAL"), hereby complains against the Defendant JAP GURU LLC (hereinafter "JAP"), an Ohio Limited Liability Company, for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. ("ADA") and alleges as follows:

1. Plaintiff, Spencer Neal, is an individual residing in Akron, Ohio, in the County of Summit.

1

2. Defendant's property, Holiday Inn Express & Suites, is located at 3045 Olentangy River Road, Columbus, Ohio 43212, in the County of Franklin.

3. Venue is properly located in the Southern District of Ohio because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. See also 28 U.S.C. 2201 and 2202.

5. Plaintiff Spencer Neal is an individual with disabilities as defined by the ADA. Mr. Neal is paralyzed as a result of spina bifida and relies on a wheelchair to ambulate. Spencer Neal has visited the property from November 7, 2018 through November 8, 2018, which forms the basis of this lawsuit. Mr. Neal plans to return to stay as a guest at Defendant's property on his next scheduled trip to the area in December 2018, if the Defendant's Hotel is made fully accessible to a disabled person in a wheelchair, and to avail himself of the Hotel and its services. Mr. Neal also intends to return to stay as a guest at Defendant's property as an ADA tester to ascertain whether Defendant removed the barriers to access which are the subject of this litigation. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein. The barriers to access at the property have denied him the full and equal access to the property.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Varsity Inn.

7. Spencer Neal has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Mr. Neal has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Spencer Neal desires to visit Defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992 (or January 26,1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Defendant's property has shown that

violations exist. By way of example and not as an exhaustive inventory of Defendant's violations, the following are barriers to access personally encountered by Spencer Neal:

a. Portions of the exterior accessible route are not at least 36 inches wide in violation of 2010 ADAS Section 403.5.1.

b. The card readers at the reception desk are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section 308.3.2.

c. The guest room privacy latch is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

d. The guest room floor lamp is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section 305.3.

e. The top of the guest room desk's accessible surface is less than 28 inches above the floor in violation of 2010 ADAS Section 902.3.

f. The route of travel inside the guest rooms do no provide a minimum width of 36 inches in violation of 2010 ADAS Section 403.5.1.

g. The guest room iron is not accessible because it is out of reach range in violation of 2010 ADAS Section 308.2.1.

h. The guest room clothes hangers are not accessible because they are out of reach range in violation of 2010 ADAS Section 308.2.1.

i. The maneuvering space on the pull side of the door in the guest room does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section 404.2.4.1.

j. The centerline of the water closet in the guest room is greater than 18 inches from the side wall in violation of 2010 ADAS Section 604.2.

k. The water closet lacks a grab bar at least 42 inches long on the side wall in violation of 2010 ADAS Section 604.5.1.

l. The water closet lacks a grab bar at least 36 inches long on the rear wall in violation of 2010 ADAS Section 604.5.2.

m. The toilet paper dispenser is not properly located in violation of 2010 ADAS Section 604.7.

n. Less than 17 inches of clear floor space extends under the lavatory in the guest room which prevents a person using a wheelchair from approaching the faucet in violation of 2010 ADAS Section 306.2.

o. The guest room towels are not accessible because they are out of reach range in violation of 2010 ADAS Section 308.2.1.

p. The maneuvering space on the pull side of the door in the guest room bathroom does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section 404.2.4.1.

q. The guest room bathtub lacks a 24 inch minimum grab bar at the control end in violation of 2010 ADAS Section 607.4.1.

r. The guest room bathtub lacks two grab bars on the back wall of the bathtub in violation of 2010 ADAS Section 607.4.1.

s. The hotel's men's room paper towel dispenser's operation mechanism is too high off of the floor in violation of 2010 ADAS Section 308.2.1.

    t. Doormats are not secured in place and are loose in violation of 2010 ADAS Section 302.2.

10. The removal of the barriers complained of by Plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject property pursuant to 42 U.S.C Section 12181(b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

6

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. The barriers to access on the Defendant's property, and the discriminatory practices and policies of Defendant, have made it difficult to access and use the facility.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26,1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally,

if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully submitted,

        /s/ *COLIN G. MEEKER*
        COLIN G. MEEKER (Ohio Bar No. 0092980)
        BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
        495 Portage Lakes Dr.
        Akron, Ohio 44319
        Telephone: (330) 253-3337
        Facsimile: (330) 253-4131
        cgm@bmblaw.com
        Attorney for Plaintiff SPENCER NEAL